CASE 46.—ACTION BETWEEN L. Y. LEAVELL'S ADMINIS-
    TRATOR AND C. A. ARNOLD, SHERIFF OF GAR-
    RARD COUNTY.—January 19.

## Leavell's Admr. v. Arnold, Sheriff

Appeal from Garrard Circuit Court.

W. C. BELL, Circuit Judge.

From the judgment, the administrator appeals.—
Affirmed.

1.  Taxation—Inheritance Taxes—Exemptions.—The act imposing
    inheritance taxes makes no exception in favor of either lega-
    tees who may be indebted to the estate, or charitable or
    religious institutions.
2.  Same.—The tax imposed by the act imposing an inheritance
    tax is not levied on the fund, but on its transmission, and
    must be paid before the fund can become the property of the
    beneficiary, so that the argument that it is against public
    policy to levy the tax on funds devised to a public school is
    not applicable.
3.  Taxation—Ownership—Liability for Taxes.—Where property
    was a part of the estate of testator, and was not exempt
    from taxation by Acts 1906, p. 90, c. 22, art. 1, sec. 8, the
    executor properly listed the same for taxation without regard
    to the purpose for which it was to be used after it passed
    from his hands.

LEWIS L. WALKER for appellant.

J. E. ROBINSON and GILBERT & GILBERT for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirm-
ing.

Of the four questions involved in this appeal, the

first, second, and third were so fully considered in the recent case of Booth's Executor v. Commonwealth, 113 S. W. 61, that their consideration here is deemed unnecessary further than to say that the act authorizing the imposition of this tax makes no exception in favor of either legatees who may be indebted to the estate, or charitable or religious institutions. The tax is not levied upon the fund, but upon its transmission, and hence the argument that it is against the policy of the law to levy a tax upon a fund devised to a public school has no bearing upon the case at bar, for the reason that this fund does not become a fund devoted to the maintenance of a school until the law relative to its transmission has been complied with. The tax must be paid before the fund in question can become the property of the school or be devoted to educational purposes.

Complaint is also made that the executor was required to list the property in his hands, as of date September 15, 1907, for taxes for the year 1908. We are unable to understand upon what ground this objection is based. The statute lays upon all estate, real and personal, the burden of taxation, except such as is especially exempted by section 8, article 1, c. 22, p. 90, Acts 1906. The property in question does not fall within any of the excepted classes. At the time it was listed for taxation it was still a part of the estate of Lewis Y. Leavell, and, being such, the law imposed upon the executor the duty of listing same for taxation without regard to the purpose for which it was to be used after it passed from his hands.

The trial judge having held that the money in question was subject to the inheritance tax and properly assessed for taxation for the year 1908, the judgment is affirmed.