## STATE TAX COMMISSION v. BACKMAN et al.

No. 5661. Decided February 20, 1936. (55 P. [2d] 171.)

*George A. Critchlow* and *Ned Warnock,* both of Salt Lake City, for appellant.

*Backman & Backman* and *Bowen & Quinney,* all of Salt Lake City, for respondents.

FOLLAND, Justice.

This appeal is for the purpose of deciding whether a bequest to the University of Utah is subject to the state inheritance tax. Mary P. Carlson died testate on July 30, 1933. She was a resident of Salt Lake county, Utah. In her will she made numerous bequests to named beneficiaries and to the University of Utah as residuary legatee. The executor in computing the inheritance tax due the state of Utah took a deduction in the sum of $65,519.12, that being the share of the estate which would go to the residuary legatee. The state tax commission filed objections in the probate court, claiming that the inheritance tax should be paid on the above sum. The court sustained the report of the executor, and the state tax commission appeals. The only question presented is whether the state inheritance tax must be computed and paid on the whole estate including the amount of the bequest to the University.

Respondents' position is that the state inheritance tax is a tax on the right to receive property by will or under intestate laws, and therefore, stripped to its essentials, it is a burden on the University of Utah; that the University is exempt from the payment of taxes on its property and is impliedly exempt from the payment of this tax. The appellant contends the tax is in the nature of an estate tax; that is, it is imposed on the right to dispose of or transmit property by will or under the laws of succession, and that the tax is payable, not by the several beneficiaries, but by the estate, and the legatee takes the legacy only after diminution by the amount of the tax paid. If appellant's contention is correct, the result will be, in all cases where there are specific legacies, unless otherwise provided in the will, that the residuary estate will bear the burden of the entire tax. *In re Hamlin*, 226 N. Y. 407, 124 N. E. 4, 7 A. L. R. 701; *In re Estate of Watkinson*, 191 Cal. 591, 217 P. 1073; *Stebbins* v. *Riley*, 268 U. S. 137, 45 S. Ct. 424, 69 L. Ed. 884, 44 A. L. R. 1454. If respondents' position is correct, the tax is payable

out of the share of each legatee or beneficiary whose legacy is diminished by the amount of the tax computed on the amount of such legacy. In case of intestacy under either theory, each heir will take his proportionate share of the estate after the tax has been paid.

It is readily seen that the two positions theoretically are but two aspects of one transaction. There are two elements in every transfer of a decedent's estate; one, the exercise of the power to transmit at death, the other, the right or privilage of succession. The word "transfer" means "to pass over." The transaction is comparable to goods being ferried across a river where the toll is paid out of the goods ferried. The transfer is provided by law which authorizes the passing over of the estate from the dead to the living, but only on conditions, one of which is that the state inheritance tax be paid.

· The tax in reality is not a levy on the abstract right to either transmit or to receive, but is on the exercise of one or the other right or on the transaction by which the property is transmitted and received. It is the death of the decedent, with the resulting transfer of the estate by will or operation of law, which gives rise to the tax.

The principles of law involved are well settled, but difficulty may be experienced in accurately classifying the tax under any particular statute. The statutory language must determine whether the tax imposed comes within one or the other of the classifications.

There are two fundamental principles which it is well to keep in mind. They are: (1) That the death duty or inheritance tax, by whatever name it is called, is not a tax on property, but is an excise or impost on the right to transmit or the right or privilege to succeed to property from the dead. (2) Neither the right to transmit nor the right to receive is an inherent right, but is a privilege which depends on the consent of the state. The state which confers the privilege may impose conditions. Stated in another way, the state's power over inheritance

taxes is plenary. The tax imposed is an excise on the exercise of a right or privilege created by statute. *Gleason & Otis Inheritance Taxation*, 247; *Dixon* v. *Ricketts*, 26 Utah 215, 72 P. 947; *Larson* v. *MacMiller*, 56 Utah 84, 189 P. 579; *In re Fotheringham's Estate* (Wash.) 49 P. (2d) 480; *In re Rudge's Estate*, 114 Neb. 335, 207 N. W. 520. The history of death duties, probate dues, inheritance taxes, estate taxes, succession taxes, legacy taxes, and the distinctions between them need not be here stated, as such information may be found in the cases and text-books. *Hazard* v. *Bliss*, 43 R. I. 431, 113 A. 469, 23 A. L. R. 826; *Dixon* v. *Ricketts*, supra; *Knowlton* v. *Moore*, 178 U. S. 41, 20 S. Ct. 747, 44 L. Ed. 969; 26 R. C. L. 195; 61 C. J. 1590; Ross on Inheritance Taxation, 1; *People* v. *Northern Trust Co.*, 289 Ill. 475, 124 N. E. 662, 7 A. L. R. 714; *In re Miller's Estate*, 184 Cal. 674, 195 P. 413, 16 A. L. R. 702; *Tax Commission* v. *Lamprecht*, 107 Ohio St. 535, 140 N. E. 333, 31 A. L. R. 992; Inheritance Taxation, Gleason & Otis, 242; cases cited in *New York Trust Co.* v. *Eisner*, 256 U. S. 345, 41 S. Ct. 506, 65 L. Ed. 963, 16 A. L. R. 660.

For purposes of precise classification, the term "inheritance tax" is used to indicate a tax imposed on the right to receive, and the term "estate tax" designates a tax imposed on the right to transmit. Our statute uses the term "inheritance tax," but that fact should not be conclusive in fixing its classification because used in its general sense rather than with scientific nicety. We must look to the enactment itself rather than to its title in order to determine the nature and incidence of the tax.

The death of Mary P. Carlson occurred shortly after the Revised Statutes of 1933 became effective, so there is no question but that the provisions of sections 80-12-1 to 80-12-44, R. S. Utah 1933, are applicable. Utah has had an inheritance tax law since 1901. Laws Utah 1901, p. 61 c. 62. The language of the first statute was:

"All property within the jurisdiction of this state * * * which shall pass by will or by the statutes of inheritance * * * or by deed, grant,

sale or gift made or intended to take effect in possession or in enjoyment after the death of the grantor or donor * * * shall be subject to a tax of five per centum of its value above the sum of ten thousand dollars, after the payment of all debts." Section 1.

Changes by amendment have been made from time to time with respect to different details of the law, but the language above quoted remained intact until the 1933 revision, when the levy was imposed by the following language (section 80-12-2):

"A tax equal to the sum of the following percentages of the market value of the net estate shall be imposed upon the transfer of the net estate of every decedent, whether a resident or nonresident of this state."

By section 80-12-3 the value of the gross estate is to be determined as of the time of the death of the decedent.

Section 80-12-7 is as follows:

"In determining the amount of tax to be paid the debts of the estate shall first be deducted, and the remainder shall be the net estate."

By section 80-12-8 it is provided:

"The term 'debt' as used in the next preceding section shall include in addition to debts owing by the decedent in this state at the time of his death, all general and special taxes due in this state prior to his death, a reasonable sum for funeral expenses, including tombstone expenses not to exceed $200 when the same has been erected in this state prior to the settlement of the estate, the court costs, the statutory commission of executors of this state, and no other sum."

By section 80-12-29 it is made the duty of all executors charged with the management or settlement of any estate subject to such tax "to collect and pay over to the state tax commission the amount of the tax due hereunder."

Section 80-12-30 is as follows:

"Every executor having in charge or trust any property subject to said tax shall deduct the tax therefrom, or shall collect the tax thereon from the person entitled to said property, and he shall not be

required to deliver any specific legacy or property subject to said tax to any person until he has collected the tax thereon."

Section 80-12-12:

"When property, either real or personal, has been transferred within three years prior to the death of the decedent, it shall be the duty of each executor to make and file an inventory of the same. In case of failure to make such report within the statutory period, a penalty of ten per cent shall be added to the tax."

Provisions in the law prior to 1933 (chapter 64, Laws Utah 1919, p. 167) which were left out by amendment and not carried into the Revised Statutes of 1933 are the following:

From section 3185:

"And the court shall determine the amount of tax to be paid by the several devisees, legatees, grantees, or donees of the decedent."

From section 3193:

"The tax * * * shall be paid by the persons entitled to said estate within one year from the death of the testator or intestate."

From section 3194: Provision for the appraisal of "the interest of the life estate, or term of years" and payment of the tax by "the party entitled to such life estate, or terms of years."

From section 3199: After providing it is the duty of the executor, administrators, or trustees to pay the Attorney General the amount of the tax, these words are dropped: "Due from any devisee, legatee, grantee, or donee of the decedent." It will be readily seen that these are very significant changes made in the law. Under the law as it was prior to 1933, the definite statutory provisions referred to seem to indicate that the tax was imposed on the share of the estate to be received by any beneficiary. By the revision of 1933 these significant and definite provisions have been dropped, and the duty is definitely fixed on the executor to

pay out of the estate the amount of the tax. The provision in section 80-12-30 for the collection of the amount of the tax by the executor from the person entitled where specific property is passed to such beneficiary does not change the character of the tax, but allows specific property to pass, without sale, where the tax is paid.

The test commonly used to determine whether an impost is an inheritance tax is that the amount of the tax is to be paid on the amount of the fund or property received which passes to each heir or other beneficiary or is to be paid by the person entitled to receive the estate. It is an estate tax when the tax is required to be paid on the entire net estate before it is divided into its several parts to be distributed. The distinction is clearly stated in R. C. L.:

"An inheritance tax, using the term in its broadest sense, is an excise which may be imposed on either, or both, of two entirely different subjects. It may be a tax upon the transmission of property by a deceased person, in which case it will be charged upon the whole estate, regardless of the manner in which it is to be distributed. Such a tax is called a probate duty, or estate tax. An inheritance tax in its common form is however an excise on the privilege of taking property by will or by inheritance or by succession in any other form upon the death of the owner, and in such case is imposed upon each legacy or distributive share of the estate as it is received. Such a tax is called legacy or succession tax. The inheritance taxes imposed by the states have almost uniformly been construed to have been imposed upon the right to receive rather than upon the right to transmit, and so constitute legacy or succession taxes, rather than probate duties or estate taxes. In some instances however the states have imposed estate taxes, either standing alone, or in addition to succession taxes. A tax imposed by a state upon the clear value of the estate passing from any person who may die seised or possessed thereof is, however, undoubtedly an estate tax, and what passes to the heir or devisee and to which he acquires title is his share of the estate remaining after the payment of the tax." 26 R. C. L. 165.

The cases hold that, where the tax is on the net estate of the deceased in the hands of the executor where it is one tax measured alone by the size of the net estate without reference to who the beneficiary may be, it is a tax on the

right to transmit; that is, on the right of the decedent to have the estate pass by will or intestacy, and is an estate tax. The tax imposed by the federal government is so classified. *New York Trust Co.* v. *Eisner* (D. C.) 263 F. 620, affirmed in 256 U. S. 345, 41 S. Ct. 506, 65 L. Ed. 963, 16 A. L. R. 660; *In re Hamlin*, 226 N. Y. 407, 124 N. E. 4, 7 A. L. R. 701.

It has been necessary in many cases to determine the nature of the tax in order to fix its incidence. The problem is present when necessary to determine, in the absence of any specific statute, whether the federal tax is to be deducted before or after computation of the state tax. See cases and notes, *People* v. *Northern Trust Co.*, 289 Ill. 475, 124 N. E. 662, 7 A. L. R. 714; *In re Miller's Estate*, 184 Cal. 674, 195 P. 413, 16 A. L. R. 702; *Tax Commission* v. *Lamprecht*, 107 Ohio St. 535, 140 N. E. 333, 31 A. L. R. 992. The rule on deduction of federal tax was changed by act of Congress in 1924 (43 Stat. 253). See *In re Knowles' Estate*, 295 Pa. 571, 145 A. 797, 63 A. L. R. 1096.

It will be noted that the language used in the 1933 Utah Revision is substantially the same as that found in section 201 of the federal act of 1916 (39 Stat. 777) construed in the *Eisner Case*, supra, which reads:

"A tax * * * equal to the following percentages of the value of the net estate, to be determined as provided in section two hundred and three, is hereby imposed upon the transfer of the net estate of every decedent dying after the passage of this Act."

On the other hand, an inheritance tax strictly so-called is levied on the right to receive property by will or by law of succession, and is sometimes measured by the share of the estate going to each particular beneficiary, and may vary in amount or percentage depending on the relationship of the beneficiary to the deceased. *In re Corbin's Estate*, 107 Wash. 424, 181 P. 910, 7 A. L. R. 685; *In re Inman's Estate*, 101 Or. 182, 199 P. 615, 16 A. L. R. 675; *In re McKennan's Estate*, 25 S. D. 369, 126 N. W. 611, 33 L. R. A. (N. S.) 606.

See note, 39 A. L. R. 504; *People* v. *Flanagin,* 331 Ill. 203, 162 N. E. 848, 60 A. L. R. 305.

It is within legislative power to enact a statute levying a tax which has the incidents of both an estate tax and an inheritance tax. *In re Heck's Estate,* 120 Or. ■ 80, 250 P. 735; *Stebbins* v. *Riley,* 268 U. S. 137, 45 S. Ct. 424, 69 L. Ed. 884, 44 A. L. R. 1454.

The decisions of this court prior to 1933 do not definitely fix the classification of the tax under then existing statutes, but say that it is "imposed upon the right of devolution and succession," but not "upon the separate portions of the decedent's estate, exceeding $10,000, transmitted by gift, legacy, or inheritance." *Dixon* v. *Ricketts,* 26 Utah 215, 72 P. 947, 950. And "the courts seem to be agreed that these inheritance taxes are not property taxes, but taxes upon the right to inherit." *In re Green's Estate,* 78 Utah 139, 1 P. (2d) 968, 969.

The Utah tax is now imposed on the net estate in the hands of the executor without regard to the relationship or status of the beneficiary. The tax is measured by the amount of the net estate as it leaves the hands of the deceased at the time of death rather than by the property coming into the hands of those who receive by will or by succession.

Respondents contend that, however we may interpret the provisions in the Revised Statutes of 1933, yet this being a mere compilation, the change in language does not change the character or nature of the law originally enacted by the Legislature; the code commissioners being authorized "to codify existing law but not to legislate." The ■ rule relied on is not applicable. The 1933 revision is not a mere compilation by the code commissioners but is an entirely new enactment by the Legislature. The enactment by the Legislature of the Revised Statutes gives force and effect to every provision therein the same as if single chapters had been enacted making changes and amendments. The language of chapter 12 of title 80 must be given the same

interpretation and the same force and effect as would have been given had the amendments been made in a separate enactment. 59 C. J. 891. No defect in the adoption of the Revised Statutes is suggested. We therefore assume there is none, and that the revision was regularly and lawfully adopted. No reasons are suggested which take the adoption of the Code out of the general rule above announced.

Respondents argue that the use of the chapter title "Inheritance Tax" preserved "substantive law covered by that title" the same as expressed in previous Codes. The Legislature used that term in its general sense in both enactments. The argument fails, however, because of significant changes and omissions. If the interpretation given the inheritance tax law prior to the revision of 1933 be that it is a tax on the bequests to devisees and legatees, and therefore an inheritance tax strictly so-called, yet, if the amended law proceeds on the other theory, we must give it the interpretation which the Legislature undoubtedly intended by making the change and using the language found in the revision. The words "tax on transfer of the net estate" had been construed in many cases prior to the use of that phrase in the revision. *In re Hamlin,* supra. We cannot assume or hold that the Legislature intended any other or different meaning when that language was adopted by it and substituted for the provisions theretofore found in the law. This conclusion is reinforced when we take into consideration the other changes effected by the revision, particularly the elimination of the provisions (sections 3185, 3193, 3199 as amended) that the court "shall determine the amount of tax to be paid by the several devisees, legatees, grantees, or donees of the decedent," and the "tax * * * shall be paid by the persons entitled to said estate within one year," and "the amount of the tax due from any devisee, legatee, grantee, or donee of the decedent" which should be paid to the Attorney General, and provisions respecting appraisment of the interest of receivers of life estates and remainderment and payment of the tax by them.

The specific language of the old law quoted above is sufficient to justify the court in holding that the nature of the tax was one imposed on the right to receive the estate, whereas the elimination of such language, together with the adoption of the provision levying the tax on the transfer of the net estate, fixing the date of valuation of estates at the death of the decedent, and requiring payment from the net estate, all indicate a change in theory or policy and require the holding that the present inheritance tax is in reality an estate tax; in other words, the tax now imposed is one on the right of transmission measured by the value of the net estate transferred by the decedent.

Holding as we do, it is unnecessary to devote much space to a consideration of the claim of respondents that the bequest to the University of Utah is impliedly exempt from payment of the tax on the grounds: (1) That the property of the University is exempt from taxation; and (2) it would be a futile thing to go through the form of the collection of the tax, depositing it into the state treasury, and paying it out again by legislative appropriation to the University. It is true the property of the University of Utah is exempt from all taxes and assessments. Section 75-4-4, R. S. Utah 1933. The University in its corporate capacity may take by gift, devise, or bequest any property for the purposes enumerated. Section 75-4-3, R. S. Utah 1933. It is nowhere provided in the statutes that any devise, or bequest to the University or other public agency is excluded from the operation of the inheritance tax law. It is clearly within the power of the Legislature to make such exemption. It would seem to be a better policy, for the purpose of encouraging bequests to institutions such as the University of Utah, that provision be made for the exemption of such bequests from taxation. The matter of policy, however, is a legislative, and not a judicial, function. This court has heretofore held that the doctrine of implied exemption does not apply to relieve a tax supported public

agency from payment of an excise tax. *Crockett* v. *Salt Lake County,* 72 Utah 337, 270 P. 142, 60 A. L. R. 867. The tax in that case was imposed on the use of gasoline, and the court went farther in upholding the imposition of the tax than this court would be required to do in this case, if we had construed the tax to be an excise on the right to receive. There the gasoline in question was purchased separately outside the state by Salt Lake County and Salt Lake City, and was owned by them. The tax was imposed on the use of the gasoline. The use was in public service, and the tax had to be paid out of tax revenues. Nevertheless the court held that, since there was no exemption in favor of public agencies, the county and the city were required to pay the tax before they could use their own gasoline. In the case before us, the tax was required to be paid by the executor of the estate before the property reached the hands of the University of Utah. After property comes into possession of the University, then, by virtue of the above-quoted statute, it is exempt from any tax or assessment thereon. Respondent cites and relies on *Henson* v. *Monday,* 143 Tenn. 418, 224 S. W. 1043, and *In re Estate of Macky,* 46 Colo. 79, 102 P. 1075, 23 L. R. A. (N. S.) 1217, as holding that property received by state institutions are impliedly exempt from an inheritance tax. It will be noted that these cases were cited by counsel for Salt Lake County and Salt Lake City in the Crockett Case, supra, but the doctrine announced therein was held inapplicable. The cases were ignored in the prevailing opinion, although cited in the dissenting opinion. The Utah inheritance tax is not imposed on property of a public agency, but on the transfer of property from the testator. The fund does not become property devoted to a public use until the law relating to its transmission has been complied with. The tax is prior to receipt of the legacy; the beneficiary receives the legacy diminished by the tax. *Leavell's Adm'r* v. *Arnold,* 131 Ky. 426, 115 S. W. 232; *Booth's Ex'r* v. *Commonwealth,* 130 Ky. 88, 113 S. W. 61, 33 L. R. A. (N. S.) 592; *Snyder* v. *Bettman,* 190 U. S.

249, 23 S. Ct. 803, 47 L. Ed. 1035; *In re Rudge's Estate,* supra. The rule is stated in 61 C. J. 1680, as follows:

"A legacy to the United States is taxable when not specifically exempted by statute, and, except in some jurisdictions, a bequest or other transfer to the state or any of its governmental agencies or subdivisions is subject to, and not exempt from, an inheritance tax unless it is expressly exempted by statute, or the purpose of the gift brings it within an exemption of bequests for charitable or educational uses."

See, also, 26 R. C. L. 167.

The order of the trial court is annulled, and the cause remanded to the district court of Salt Lake county for further proceedings in accordance with this decision. Costs to appellant.

ELIAS HANSEN, C. J., and EPHRAIM HANSON, MOFFAT, and WOLFE, JJ., concur.