UNTERMEYER et al. v. STATE TAX COMMISSION et al.

No. 6359.   Decided September 17, 1941.   (116 P. 2d 926.)

See 21 C. J. S., Courts, sec. 205; Succession tax at domicil of debtor or corporation as to corporate stock belonging to estate of nonresident, note 77 A. L. R., 1401. See, also, 28 Am. Jur., 65.

*Grover A. Giles,* Atty. Gen., and *Calvin L. Rampton,* Deputy Atty. Gen., for State Treasurer.

*Garfield O. Anderson* and *Grant A. Brown,* both of Salt Lake City, for State Tax Commission.

*Critchlow & Critchlow* and *George A. Critchlow,* all of Salt Lake City (*Bert A. Lewis,* of Salt Lake City, of counsel), for respondent.

LARSON, Justice.

Suit to recover taxes paid under protest. Samuel Untermyer, a resident of New York, died testate March 16, 1940. His last will and testament was admitted to probate in New York and plaintiffs were appointed executors. Subsequently the will was admitted to probate in Utah with the same executors. At the time of his death Untermyer was the owner of 2,100 shares of the capital stock of Union Pacific Railroad Company, a Utah corporation. The certificates representing this stock, during all times since Untermyer acquired them, had been in his possession and physically located in the State of New York. Decedent had never resided nor maintained any place of business in Utah, and did not acquire the stock as a result of any business done by him in the State of Utah. The laws of New York do not allow any deduction from the inheritance taxes there due for inheritance taxes paid elsewhere. It is conceded that unless this stock be considered as within the jurisdiction of this state, decedent had no property within such jurisdiction. The State Tax Commission claimed an inheritance tax as due from the Untermyer estate based upon his ownership of this Union Pacific stock. Such tax if validly imposed would amount to $8,059.06, which sum plaintiffs paid under protest, and brought this action in the District Court to recover the payment so made under protest. Judgment was for plaintiffs and defendants appeal.

The fundamental question involved in the case is stated thus: Is the transfer of stock in a corporation organized and existing under and by virtue of the laws of the State of Utah, which stock was owned by a nonresident decedent (the certificates thereof being acquired and held outside of the State of Utah), taxable by the State of Utah under

Chapter 12, Title 80, R. S. U. 1933? The material portions of these sections read as follows:

80-12-2:

"A tax equal to the sum of the following percentages of the market value of the net estate shall be imposed upon the transfer of the net estate of every decedent, whether a resident or nonresident of this state * * *."

80-12-3:

"The value of the gross estate of a decedent shall be determined by including the value at the time of his death of all property, real or personal, within the jurisdiction of this state, and any interest therein, whether tangible or intangible, which shall pass to any person, in trust or otherwise, by testamentary disposition or by law of inheritance or succession of this or any other state or country, or by deed, grant, bargain, sale or gift made in contemplation of the death of the grantor, vendor or donor, or intended to take effect in possession or enjoyment at or after his death."

For many years taxes were collected in such cases by this and several other states. In January, 1932, the Supreme Court of the United States in *First National Bank of Boston* v. *Maine,* 284 U. S. 312, 52 S. Ct. 174, 76 L. Ed. 313, 77 A. L. R. 1401, held that shares of stocks were subject to inheritance taxes in the state of the owner's domicile and attempts to impose death duty taxes upon stocks in states other than that of the owner's domicile were void under the due process clause of the fourteenth amendment to the federal constitution. Since that decision such taxes have not been collected and it is frankly conceded that if the rule announced in that case still controls as the law, the attempt to collect the death duty taxes here involved must fail.

Appellants in their brief state their case thus: The only bar, if there be a bar at all, to the State of Utah's right and power to assess and collect the tax in question is the Supreme Court's decision in First National Bank of Boston v. Maine. Respondents urge that the decision of the trial court is right because: (a) The tax here imposed violates the due process clause of the fourteenth amendment to the federal consti-

·tution; (b) This property was not "within the jurisdiction of the State of Utah" within the meaning of that term as used in the Utah Inheritance Tax Law; (c) The imposition of the tax here involved violates the due process clause of Section 7 of Article 1 of the Utah Constitution; and (d) The imposition of the tax here involved violates the uniformity clause of the Utah Constitution, Section 24, Article 1. Our statute, commonly called the Inheritance Tax Law, was ·enacted in 1901. Provisions imposing death duty taxes upon the transfer of stock in Utah corporations even though owned by nonresident decedents have remained on the statute books without any substantial change since that time. From the time the statute became effective until the Supreme Court of the United States handed down its decision in *First National Bank of Boston* v. *Maine*, 284 U. S. 312, .52 S. Ct. 174, 76 L. Ed. 313, 77 A. L. R. 1401, the state construed and applied the statute as including within its tax provisions stock of Utah corporations owned by nonresi-.dents. Such application of the statute was never questioned in the courts, all estates coming within the statute as so construed paying the tax without litigation. In only one case ·was the question here involved even indirectly before this court. In *Larson* v. *MacMillar*, 56 Utah 84, 189 P. 579, under a state of facts almost identical with those in the present ·case, the question arose as to the method of computing the tax on the property consisting of stocks in all respects similar to those here involved. The inclusion in the taxable estate of the shares of stock in the Union Pacific Railroad, ·owned and held in New York by decedent, a resident of that state, was not disputed, and was assumed and recognized and applied by this court in directing a larger judgment in favor of the State Treasurer. After the decision in the case of *First National Bank of Boston* v. *Maine,* supra holding .a tax such as that here involved to be in violation of the Fourteenth Amendment to the Federal Constitution, the attorney general who under the statute had been the collector ·of inheritance or estate taxes ceased, and advised the State

Tax Commission as his successor as collector of death duty taxes to cease collecting the taxes on stock in Utah corporations owned by nonresidents, because of that decision. It is clear, therefore that the only reason the State Tax Commission ceased to insist upon, and to enforce its right to collect such taxes, is the decision of the United States Supreme Court in the *First National Bank of Boston* v. *Maine*, supra.

Have the later decisions of the United States Supreme Court, as exemplified by *Curry* v. *McCanless*, 307 U. S. 357, 59 S. Ct. 900, 903, 83 L. Ed. 1339, 123 A. L. R. 162, overrules the decision in *First National Bank of Boston* v. *Maine*, supra? It is true that Mr. Justice Stone, now Chief Justice, in writing the opinion of the court in Curry v. McCanless uses much the same arguments, reasoning, and rationale that he used in the dissenting opinion in the First National Bank of Boston v. Maine case. But the Curry v. McCanless case involved a peculiar trust arrangement, part of the rights of which were situated in each of the two states, whereas the First National Bank of Boston v. Maine case involved a tax on corporate stock. In no case, as far as we know, since First National Bank v. Maine has the Supreme Court been asked to review or pass upon the question decided in that case. We assume that had the court felt the occasion for overruling or modifying the holding of that case as to taxation of corporate stock under death duty statutes it would not have hesitated to do so in positive language. In the Curry v. McCanless case the court was not unmindful of the First National Bank of Boston v. Maine holding. It referred to the opinion, cited it as authority for what it does. hold, and then refused to extend the doctrine there announced as to stocks to cover trusts such as involved in the Curry v. McCanless case. The court said:

"The doctrine, of recent origin, that the Fourteenth Amendment precludes the taxation of any interest in the same intangible in more than one state has received support to the limited extent that it was applied in *Farmers' Loan & Trust Co.* v. *Minnesota*, 280 U. S. 204, 50 S. Ct. 98, 74 L. Ed. 371, 65 A. L. R. 1000; *Baldwin* v. *Missouri*, 281 U. S. 586, 50 S. Ct. 436, 74 L. Ed. 1056, 72 A. L. R. 1303; *First*

*National Bank* v. *Maine,* 284 U. S. 312, 52 S. Ct. 174, 76 L. Ed. 313, 77 A. L. R. 1401. Still more recently this Court has decline to give it completely logical application. It has never been pressed to the extreme now urged upon us, and we think that neither reason nor authority requires its acceptance in the circumstances of the present case."

It matters not what our personal opinions may be in the matter. The question being one under the federal constitution, the opinion of the Supreme Court of the United States is controlling. It having in the case of *First National Bank of Boston* v. *Maine,* supra, declared corporate ■ stock under circumstances such as here involved to be subject to inheritance taxes only in the state of decedent's domicile, we must follow that ruling until the court which announced it shall overrule it.

It follows therefore that the attempt to impose inheritance taxes upon the stocks involved in this action is void as infringing the due process clause of the fourteenth amendment to the federal constitution under the hold- ■ ing in First National Bank of Boston v. Maine. The decision of the trial court is affirmed. Respondents to recover costs.

MOFFAT, C. J., WOLFE, McDONOUGH, JJ., concur.

PRATT, Justice (concurring in result).

I concur in affirming the decision of the lower court. My reasons are these:

Our inheritance tax is a tax upon the exercise of the right to transmit property from a decedent. *State Tax Commission* v. *Backman,* 88 Utah 424, 55 P. 2d 171. In that case this court said that such a right of transmission is a creature of statute; and that the state granting the right may impose conditions upon its exercise. In other words the tax is not upon the exercise of a right granted by another state, but upon the exercise of a right granted by this state.

In the present case, the right of transmission is granted by a state other than Utah; and, not only that, but the ex-

ercise of that right occurs in that other state. The successful transmission of decedent's interest in the corporation to the heirs or legatees is not contingent upon any law of this state. Utah has not conferred the benefits of that right of transmission. It is not inconceivable that the laws of another state may provide a succession different from the laws of Utah. The right of transmission granted by another state is not one and the same thing as that granted by this state.

There may be some value in the shares of stock attributable to the fact that the incorporation of the Union Pacific Railroad is in Utah, and that some of its tangible property is here, but the exercise of that right of transmission of those shares from decedent to the heirs or legatees is not contingent upon value. Our inheritance tax is not a tax upon decedent's property, be that property what it may; and be its value attributable to whatever cause.

Such sections as 80-12-3 (quoted in the prevailing opinion) fix the method of determining the amount of the tax.

### REPORTER'S NOTE

This case was removed on certiorari to the United States Supreme Court. After the decision of that court the following decision was rendered by the Supreme Court of Utah.