## ALDRICH et al. v. STATE TAX COMMISSION et al.

No. 6358.   Decided September 17, 1941.   (119 P. 2d 923.)

See 21 C. J. S., Courts, sec. 205; Succession tax at domicil of debtor or corporation as to corporate stock belonging to estate of nonresident, note 77 A. L. R. 1401. See also 28 Am. Jur., 65.

*Garfield O. Anderson* and *Grant A. Brown,* both of Salt Lake City, for appellant.

*Van Cott, Riter & Farnsworth,* of Salt Lake City, and *Sage, Gray, Todd & Sims,* of New York City (*Melber Chambers* of New York City, of counsel), for respondents.

LARSON, Justice.

Plaintiffs in the District Court sought a declaratory judgment holding that the transfer of stock in the Union Pacific Railroad Company, a Utah corporation, owned by Edward S. Harkness at the time of his death be held not subject to tax by the State of Utah under the provisions of Chapter 12, Title 80, R. S. U. 1933, commonly called the Inheritance Tax Law. The trial court entered judgment for plaintiffs as prayed for and the defendant, State Tax Commission, appeals.

The facts were these: Edward S. Harkness died January 29, 1940, being at the time of his death domiciled in the State of New York. His estate was probated in the New York courts where plaintiffs were appointed executors of the last will and testament of the decedent. Plaintiffs were also appointed administrators with the will annexed of the estate of decedent on August 28, 1940, by the District Court of Salt Lake County, State of Utah, and are now acting in that capacity.

At the time of his death Harkness was the owner of 10,000 shares of common stock and 400 shares of preferred stock of the Union Pacific Railroad Company, a Utah corporation. The certificates representing these shares of stock were in the possession of the decedent in the State of New York, and the same certificates are now located physically in the State of New York in the possession of plaintiffs as executors of the estate of the decedent. As of the date of death these shares of stock were recorded on the books of the Union Pacific Railroad Company in the name of Edward S. Harkness. This stock, which the State Tax Commission contends is subject to tax under our Inheritance Tax Law, is the only property owned by decedent claimed to be within the jurisdiction of the State of Utah.

At the date of Mr. Harkness' death, the laws of the State of New York allowed as a credit against the estate tax imposed by the State of New York the amount of any constitutionally valid estate or inheritance tax paid to any other state within three years after the decedent's death.

The fundamental question involved in the case is stated thus: Is the transfer of stock in a corporation organized and existing under and by virtue of the laws of the State of Utah, which stock was owned by a nonresident decedent (the certificates thereof being acquired and held outside of the State of Utah), taxable by the State of Utah under Chapter 12, Title 80, R. S. U. 1933? The material portions of these sections read as follows:

80-12-2:

"A tax equal to the sum of the following percentages of the market value of the net estate shall be imposed upon the transfer of the net estate of every decedent, whether a resident or nonresident of this state * * *."

80-12-3:

"The value of the gross estate of a decedent shall be determined by including the value at the time of his death of all property, real or personal, within the jurisdiction of this state, and any interest therein, whether tangible or intangible, which shall pass to any person, in trust or otherwise, by testamentary disposition or by law of inheritance or succession of this or any other state or country, or by deed, grant, bargain, sale or gift made in contemplation of the death of the grantor, vendor or donor, or intended to take effect in possession or enjoyment at or after his death."

For many years taxes were collected in such cases by this and several other states. In January, 1932, the Supreme Court of the United States in *First National Bank of Boston* v. *Maine,* 284 U. S. 312, 52 S. Ct. 174, 76 L. Ed. 313, 77 A. L. R. 1401, held that shares of stocks were subject to inheritance taxes in the state of the owner's domicile and attempts to impose death duty taxes upon stocks in states other than that of the owner's domicile were void under the

due process clause of the Fourteenth Amendment to the Federal Constitution. Since that decision such taxes have not been collected and it is frankly conceded that if the rule announced in that case still controls as the law, the attempt to collect the death duty taxes here involved must fail. Appellant, State Tax Commission in its brief states its position thus:

"* * * The only bar, if there be a bar at all, to the State of Utah's right and power to assess and collect the tax in question, is the Supreme Court's decision in First National Bank of Boston v. Maine.

"Because there is reason to believe that the Supreme Court has now reversed First National Bank of Boston v. Maine, the Tax Commission is now proceeding to assess and collect the tax provided by Chapter 12, Title 80, Revised Statutes of Utah, 1933, upon all transfers of stock in Utah corporations, whether the same be owned by residents or nonresidents, where the value of the stock and other property within the State of Utah is of such an amount as to bring the estate within the taxable brackets."

Respondent defends the decision of the trial court upon the following grounds: (a) The authority of the *First National Bank of Boston* v. *Maine,* supra, stands unimpaired and is controlling upon this court; (b) The tax infringes the due process clause of the Constitution of the State of Utah; (c) The shares of stock in question are not property within the jurisdiction of the State of Utah and are consequently not within the terms of the Inheritance Tax statute. Our statute, commonly called the Inheritance Tax Law, was enacted in 1901. Provisions imposing death duty taxes upon the transfer of stock in Utah corporations even though owned by nonresident decedents have remained on the statute books without any substantial change since that time. From the time the statute became effective until the Supreme Court of the United State handed down its decision in *First National Bank of Boston* v. *Maine,* 284 U. S. 312, 52 S. Ct. 174, 76 L. Ed. 313, 77 A. L. R. 1401, the state construed and applied the statute as including within its tax provisions stock of Utah corporations owned by nonresi-

dents. Such application of the statute was never questioned in the courts, all estates coming within the statute as so construed paying the tax without litigation. In only one case was the question here involved even indirectly before this court. In *Larson* v. *MacMiller,* 56 Utah 84, 189 P. 579 under a state of facts almost identical with those in the present case, the question arose as to the method of computing the tax on the property consisting of stocks in all respects similar to those here involved. The inclusion in the taxable estate of the shares of stock in the Union Pacific Railroad, owned and held in New York by decedent, a resident of that state, was not disputed, and was assumed and recognized and applied by this court in directing a larger judgment in favor of the State Treasurer. After the decision in the case of *First National Bank of Boston* v. *Maine,* supra, holding a tax such as that here involved to be in violation of the Fourteenth Amendment to the Federal Constitution, the attorney general who under the statute had been the collector of inheritance or estate taxes ceased, and advised the State Tax Commission as his successor as collector of death duty taxes to cease collecting the taxes on stock in Utah corporations owned by non-residents, because of that decision. It is clear therefore that the only reason the State Tax Commission ceased to insist upon, and to enforce its right to collect such taxes is the decision of the United States Supreme Court in the *First National Bank of Boston* v. *Maine,* supra.

Have the later decisions of the United States Supreme Court, as exemplified by *Curry* v. *McCanless,* 307 U. S. 357, 59 S. Ct. 900, 903, 83 L. Ed. 1339, 123 A. L. R. 162, overruled the decision in *First National Bank of Boston* v. *Maine,* supra? It is true that Mr. Justice Stone, now Chief Justice, in writing the opinion of the court in *Curry* v. *McCanless,* supra, uses much the same arguments, reasoning, and rationale that he used in the dissenting opinion in the First National Bank of Boston v. Maine case. But the Curry v. McCanless case involved a peculiar trust arrangement, part

of the rights of which were situated in each of two states, whereas the First National Bank of Boston v. Maine case involved a tax on corporate stock. In no case, as far as we know, since *First National Bank of Boston* v. *Maine,* supra, has the Supreme Court been asked to review or pass upon the question decided in that case. We assume that had the court felt the occasion for overruling or modifying the holding of that case as to taxation of corporate stock under death duty statutes it would not have hesitated to do so in positive language. In the Curry v. McCanless case the court was not unmindful of the First National Bank of Boston v. Maine holding. It referred to the opinion, cited it as authority for what it does hold, and then refused to extend the doctrine there announced as to stocks to cover trusts such as involved in the Curry v. McCanless case. The court said:

"The doctrine, of recent origin, that the Fourteenth Amendment precludes the taxation of any interest in the same intangible in more than one state has received support to the limited extent that it was applied in *Farmers' Loan & Trust Co.* v. *Minnesota,* 280 U. S. 204, 50 S. Ct. 98, 74 L. Ed. 371, 65 A. L. R. 1000; *Baldwin* v. *Missouri,* 281 U. S. 586, 50 S. Ct. 436, 74 L. Ed. 1056, 72 A. L. R. 1303; *First National Bank* v. *Maine,* 284 U. S. 312, 52 S. Ct. 174, 76 L. Ed. 313, 77 A. L. R. 1401. Still more recently this Court has declined to give it completely logical application. It has never been pressed to the extreme now urged upon us, and we think that neither reason nor authority requires its acceptance in the circumstances of the present case."

It matters not what our personal opinions may be in the matter. The question being one under the federal constitution, the opinion of the Supreme Court of the United States is controlling. It having in the case of *First National Bank of Boston* v. *Maine,* supra, declared corporate stock under circumstances such as here involved to be subject to inheritance taxes only in the state of decedent's domicile, we must follow that ruling until the court which announced it shall overrule it.

It follows therefore that the attempt to impose inheritance taxes upon the stocks involved in this action is void as in-

fringing the due process clause of the fourteenth amendment to the federal constitution under the holding in *First National Bank of Boston* v. *Maine,* supra.

The decision of the trial court is affirmed. Respondents to recover costs.

MOFFAT, C. J., WOLFE and McDONOUGH, J., concur.

PRATT, Justice (concurring in result).

I concur in affirming the decision of the lower court. My reasons are these:

Our inheritance tax is a tax upon the exercise of the right to transmit property from a decedent. *State Tax Commission* v. *Backman,* 88 Utah 424, 55 P. 2d 171. In that case this court said that such a right of transmission is a creature of statute; and that the state granting the right may impose conditions upon its exercise. In other words the tax is not upon the exercise of a right granted by another state; but upon the exercise of a right granted by this state.

In the present case, the right of transmission is granted by a state other than Utah; and, not only that, but the exercise of that right occurs in that other state. The successful transmission of decedent's interest in the corporation to the heirs or legatees is not contingent upon any law of this state. Utah has not conferred the benefits of that right of transmission. It is not inconceivable that the laws of another state may provide a succession different from the laws of Utah. The right of transmission granted by another state is not one and the same thing as that granted by this state.

There may be some value in the shares of stock attributable to the fact that the incorporation of the Union Pacific Railroad is in Utah, and that some of its tangible property is here, but the exercise of the right of transmission of those shares from decedent to the heirs or legatees is not contingent upon value. Our inheritance tax is not a tax upon decedent's property, be that property what it may; and be its value attributable to whatever cause.

Such section as 80-12-3 (quoted in the prevailing opinion) fix the method of determining the amount of the tax.

## REPORTER'S NOTE

This case was removed on certiorari to the United State Supreme Court. Following the decision of that court the following decision was rendered.