**NORTHERN TRUST CO. et al. v. HARRISON, Collector of Internal Revenue.**

No. 7661.

Circuit Court of Appeals, Seventh Circuit.

Feb. 27, 1942.

Edward H. Horton, Sp. Asst. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, of Washington, D. C. (Sewall Key, Sp. Asst. to Atty. Gen., J. Albert Woll, U. S. Atty., and Austin Hall, Asst. U. S. Atty., both of Chicago, Ill., of counsel), for appellant.

Alexander F. Reichmann and Myron D. Davis, both of Chicago, Ill., for appellees.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

Appellees sued to recover an alleged overpayment of federal estate taxes in the amount of $119,069.43 with interest. The District Court entered judgment in the sum

of $149,416.92, and from that judgment appellant has appealed. The facts were found as stipulated.

Henry M. Wolf, a resident of Chicago, Illinois, died testate on June 4, 1935. By his will he made special bequests to charitable organizations aggregating $1,570,696.74, and bequeathed his residuary estate to certain exempt charitable organizations. He directed that all inheritance, legacy, succession and estate taxes, both state and federal, on the specific bequests and gifts contained in two articles of the will should be paid by his executors out of his general estate, but gave no further direction relative to the payment of federal estate or Illinois inheritance taxes.

The primary question presented is whether under the provisions of Section 303(a) (3) of the Revenue Act of 1926, as amended by Section 807 of the Revenue Act of 1932, the amount to be deducted from decedent's gross estate on account of his residuary bequest to charity is the actual amount of such bequest, after payment of federal estate taxes, or what would be the amount of such bequest had there been no federal estate taxes.[1]

Appellant contends that under Illinois law the federal estate tax was a paramount charge and expense of administration against the estate, hence is payable in whole or in part out of the residuary estate, within the meaning of the statute and the intent of Congress, as exemplified by Article 44, Treasury Regulations 80 (1934 Edition). It is conceded that the latter is not applicable unless Section 807 is applicable. He further contends that there can be no residuary estate until the federal estate tax has been paid, because such tax is a paramount charge or expense of administration and must be paid out of the assets of the estate. Hence he argues that such payment operates to reduce the residue under the will.

That the federal estate tax is a charge against the estate is not questioned. Whether it is to be paid out of the residue or out of the general or gross estate is to be determined by the terms of the will, or by the law of the jurisdiction under which the estate is administered, or by the law of the jurisdiction imposing the particular tax. The will is silent on this subject, and it is conceded that unless the will so directs the federal estate tax can not be paid out of the residue bequeathed to charitable organizations, in the absence of applicable law to the contrary. The law of the jurisdiction under which the estate is settled, which in this case is the law of Illinois, provides that the federal estate tax is a paramount charge and expense of administration which is payable out of the gross estate of the decedent. People v. Pasfield, 284 Ill. 450, 120 N.E. 286; People v. Northern Trust Co., 289 Ill. 475, 124 N.E. 662, 7 A.L.R. 709; and People v. McCormick, 327 Ill. 547, 158 N.E. 861. Hence, under that jurisdiction, such tax is not payable in whole or in part out of the residuary bequests to charity.

It is conceded that prior to the enactment of Amendatory Section 807 of the Act of 1932, there was no federal enactment which authorized the deduction of federal estate tax from residuary bequest to charities in fixing the net taxable estate. Edwards v. Slocum, 264 U.S. 61, 44 S. Ct. 293, 68 L.Ed. 564. Appellant concedes that the facts in that case are substantially identical with those here, except as to the amounts involved, and were it not for Section 807 the decision of the Supreme Court in Edwards v. Slocum, supra, would be controlling here.

---

[1] Sec. 303, Act of 1926. "For the purpose of the tax the value of the net estate shall be determined—

"(a) In the case of a resident, by deducting from the value of the gross estate—* * *

"(3) The amount of all bequests, legacies, devises, or transfers * * * to or for the use of any corporation organized and operated exclusively for * * * charitable * * * purposes * * *."

Sec. 807. Amendment of Revenue Act of 1932.

"Sections 303(a) (3) and 303(b) (3) of the Revenue Act of 1926 are amended by inserting after the first sentence of each a new sentence to read as follows: If the tax imposed by section 301, or any estate, succession, legacy, or inheritance taxes, are, either by the terms of the will, by the law of the jurisdiction under which the estate is administered, or by the law of the jurisdiction imposing the particular tax, payable in whole or in part out of the bequests, legacies, or devises otherwise deductible under this paragraph, then the amount deductible under this paragraph shall be the amount of such bequests, legacies, or devises reduced by the amount of such taxes." 26 U.S.C.A. Int.Rev.Acts, pages 234, 646.

However, appellant contends that Section 807 is a limitation upon the amount otherwise deductible on account of charitable bequests. This thesis is based on the assumption that the language of the section is ambiguous when applied to a residuary bequest to charity, although appellant in effect admits that there is no ambiguity when applied to a specific bequest to charity. We think the language is clear and unambiguous, in either event. Section 807 imposes no tax. It merely declares that in a certain event the amount of the deductible bequest is the face amount of such bequest less the amount of such tax. The contingent event is that such tax or any part of it is made payable, in part or as a whole, out of such bequest, by any of three means, that is to say—by the will, or by the State law of administrative jurisdiction, or by the law of the jurisdiction imposing the particular tax.

Appellant seeks to parry the force of the clear language of the section by resort to legislative history in order to arrive at what he claims to be the true policy and intent of Congress. This can not be done unless there is an ambiguity of language in the section sought to be construed. We think there is no such ambiguity present, and we think this conclusion is greatly supported by the fact that Congress has had knowledge of the decision in Edwards v. Slocum since its pronouncement in 1924, and since that time has made no effort, except by the enactment of this section, to change the law to accord with appellant's views, although it could have done so with very few words of unquestionable meaning. Furthermore, we think a literal reading of the Section does not produce an absurd result, as suggested by appellant. See Commissioner v. Ames, 7 Cir., 88 F.2d 338. Moreover, counsel for appellant, at the trial of this case in the District Court, said: "The Government does not at all contend that this statute (Sec. 807) is ambiguous. We simply want it clear that if the court finds it ambiguous the court may examine anything it desires."

In view of our conclusion it was conceded that it was unnecessary for this court to decide other questions presented. We think there was no error in the District Court's ruling.

Judgment affirmed.