[S. F. No. 9937. In Bank.—August 15, 1923.]

In the Matter of the Estate of HENRIETTA PIERCE WATKINSON, Deceased. LUCY WARD STEBBINS et al., Appellants, v. RAY L. RILEY, Controller, etc., Respondent.

[1] INHERITANCE TAX—COMPUTATION OF TAX—EXCLUSION OR INCLUSION OF BURDENS AND ENCUMBRANCES—POWER OF STATE.—The state has full power to declare by statute what burdens or encumbrances, which by law or by the act of the decedent had become affixed to the interest of any particular heir, devisee, or legatee, shall or shall not be excluded from the computations of the inheritance tax appraiser in reporting the amount of the inheritance tax to be imposed by the state thereon.

[2] ID. — NONALLOWANCE OF DEDUCTION FOR FEDERAL INHERITANCE TAXES—SUBDIVISION 10, SECTION 2, OF ACT OF 1917—CONSTRUCTION.—The amendment to the prior inheritance tax measures effected by subdivision 10 of section 2 of the Inheritance Tax Act of 1917, and requiring that no deduction should be made on account of the federal inheritance taxes in determining the

---

2. Deduction of federal estate tax before computing state tax, notes, 7 A. L. R. 714; 16 A. L. R. 702; 23 A. L. R. 849.

market value of the property to be charged with the state inheritance tax, is not inconsistent with the other or formerly existing provisions of said act nor in anywise doubtful as to the interpretation to be given to its plain and simple terms.

[3] ID.—CHARACTER OF TAX—POWER OF STATE.—An inheritance tax is not a property tax, but is essentially a tax upon the statutory privilege of testamentary transfer or succession, and the state in extending the privilege may place such limitations upon it as it deems proper in the way of burdens upon its exercise.

[4] ID.—DUE PROCESS—CONSTITUTIONAL LAW.—Subdivision 10 of section 2 of the Inheritance Tax Act of 1917, which provides that "In determining the market value of the property transferred, no deduction shall be made for any inheritance tax or estate tax paid to the government of the United States," viewed as a tax upon the privilege of testamentary succession, is not violative of section 1 of the fourteenth amendment of the federal constitution, providing that no state shall deprive any person of life, liberty, or property without due process of law, since the devisee or legatee of the estate affected by the provision in such act does not become entitled to his portion of the property of the said estate until it has already been burdened with its inheritance tax and hence by no part of the scheme of taxation can be held to have been deprived of property without due process of law.

[5] ID.—CONSTITUTIONAL LAW—LIMITATIONS ON PROPERTY TAXATION —INAPPLICABILITY OF.—An inheritance tax, being a tax upon the privilege of testamentary transmission and succession, cannot be held subject to the limitations placed by the state constitution upon property taxation.

[6] ID.—UNITED STATES PROPERTY NOT TAXED—CONSTITUTIONAL LAW. Subdivision 10 of section 2 of the Inheritance Tax Act of 1917 does not attempt to lay any burden upon that portion of the estate of the decedent which the federal government has already appropriated in the form of its inheritance tax, nor does it in any degree lessen said amount, its increase of the burden being laid solely upon those whose interest in the estate has already been charged with such federal tax, by forbidding any deduction on account of such tax; and said subdivision is therefore not violative of section 1 of article XIII of the state constitution exempting United States property from state taxation.

[7] ID.—ACT OF 1917 NOT DISCRIMINATORY.—The contention that the Inheritance Tax Act of 1917 was discriminatory and therefore

3.  Nature of the inheritance tax, note, 33 L. R. A. (N. S.) 606.
5.  Constitutionality of succession taxes, notes, 1 Ann. Cas. 30; 7 Ann. Cas. 1061; 8 Ann. Cas. 159; 12 Ann. Cas. 953; Ann. Cas. 1913D, 757.

void, in that it required residuary legatees to pay a larger inheritance tax in proportion to the value of the estate to which they succeeded than was required of other legatees, even though they be all of the same degree of relationship to the testator, cannot be upheld for the reasons, first, that the act applies alike to all residuary legatees, and, second, that any disparity between the net amounts received by different legatees by reason of the operation of the act must be deemed to be chargeable to the testator rather than to the law.

[8] ID. — PAYMENT OF TAX BY BENEFICIARIES — KNOWLEDGE OF TESTATOR.—A testator is deemed to know the law, and, therefore, when in making his will he names one as a specific legatee and another as a residuary legatee, he must be deemed to have intended thereby that the latter should be charged with the amounts required to be paid for the federal tax.

APPEAL from an order of the Superior Court of the City and County of San Francisco confirming inheritance tax appraiser's report. Frank H. Dunne, Judge. Affirmed.

The facts are stated in the opinion of the court.

Edward C. Harrison, Harrison & Harrison, Heller, Ehrman, White & McAuliffe and Robbins, Elkins & Van Fleet for Appellants.

Ralph W. Smith, H. C. Lucas, A. C. Stanton and A. W. Brouillet for Respondent.

Joseph G. De Forest and Wm. M. Madden, *Amici Curiae.*

THE COURT.—A rehearing was granted in this matter in order that the appellants and the several *amici curiae* might give the court the benefit of oral argument upon the points urged in their respective petitions for rehearing. Upon such argument and submission of the cause the court adheres to its former conclusions as expressed in the opinion of Mr. Justice Richards, *pro tem.*, which opinion, with the insertion of certain more recently cited authorities, reads as follows:

"This appeal is from an order of the superior court confirming the report of the inheritance tax appraiser with relation to the state inheritance tax to be fixed and paid from said estate. Under the provisions of the United States Reve-

191 Cal.—38

nue Act of 1918, the executors of the estate were required
to pay, and did pay, to the federal government, as and for
the federal inheritance tax upon said estate, the sum of
$128,730.08. The state inheritance tax appraiser in there-
after making his appraisement and report upon said estate
refused and failed to deduct any part of this payment in
arriving at the value of the estate subject to the state in-
heritance tax. The report thereon, as to the state tax due,
was consequently $26,205.75 greater in amount than such tax
would have aggregated had such deduction been made. The
court, over the objection of the executors, confirmed said re-
port as to this particular portion thereof and from its order
so made and entered this appeal has been taken.

"The statutory authority upon which the inheritance tax
appraiser relied in making his report to the effect above
stated is to be found in subdivision 10 of section 2 of the
Inheritance Tax Act of 1917 (Stats. 1917, p. 883), which pro-
vides as follows: 'In determining the market value of the
property transferred, no deduction shall be made for any
inheritance tax or estate tax paid to the government of the
United States.' With respect to the interpretation to be
placed upon this apparently plain and simple direction of
the statute touching the subject with which it deals, the ap-
pellant herein, and also the various *amici curiae* who have
presented briefs and arguments herein, make two main con-
tentions. First, that the foregoing provision of the statute,
when read in the light of legislative intent and purpose in
the enactment of the Inheritance Tax Act of 1917, read as a
whole, is not to be given the meaning and effect which its
language apparently imports. Second, that if it is to be
given such meaning and intent, it is for various reasons un-
constitutional and void. As lending support to the first of
these contentions, both the appellant and several *amici curiae*
strongly rely upon certain language used by this court in
the matter of the *Estate of Kennedy,* 157 Cal. 517 [29
L. R. A. (N. S.) 428, 108 Pac. 280], in dealing with deduc-
tions to be made prior to the inheritance tax appraisement
under the provisions of the Inheritance Tax Act in force at the
time of the death of the decedent, the language of this court
thus relied on reading as follows:

" 'The provisions of our tax act clearly show that the tax
imposed thereby is one solely upon the devisee, legatee, or

heir, and one upon him only as to such property as he actually takes on distribution as devisee, legatee, or heir. It would appear to be a most absurd and inequitable provision that imposed a tax on one for the privilege of succeeding as heir, devisee, or legatee to certain property of the decedent, where the very property to which he is so held to succeed is lawfully diverted by the probate court to other purposes and never can be distributed to him.'

"The foregoing language of this court was repeated and approved in *Estate of Miller*, 184 Cal. 674 [16 A. L. R. 694, 195 Pac. 413]. It is to be noted, however, that the expression of this court as above set forth was used with reference to the terms and interpretation of the inheritance tax laws of this state as they stood prior to the changes therein worked by the passage of the Inheritance Tax Act of 1917, and particularly of the provision of this later act first hereinabove set forth, and which appears upon its face to have been intended to change the policy of the state with respect to the deduction to be made on account of the federal inheritance taxes imposed or paid prior to the action of the state inheritance tax appraiser and of the court thereon.

"In determining the scope and effect of the inheritance tax laws of this state as finally embodied in the Inheritance Tax Act of 1917, the most recent utterances of this court in interpreting and applying the same are, we think, conclusive upon the first branch of this discussion. In the *Matter of the Estate of Bowditch*, 189 Cal. 377 [23 A. L. R. 735, 208 Pac. 282], this court, in defining the theory upon which the state proceeded in the imposition of inheritance taxes, said:

" 'Of prime importance in all cases concerning the determination of the jurisdiction to impose an inheritance tax is the fundamental proposition that a tax of that character is a tax upon the right or privilege of succeeding to property. "The so-called right of inheritance and also the right of testamentary disposition are not inherent rights of the individual, nor are they safeguarded or secured *in futuro* by any provision of our constitution. They are both subject to legislative control and are creatures of legislative will. Consequently the legislature has the power to take away both rights and to make the state the successor to all property upon the death of the owner. The right and power to impose a succession tax rests on this principle." (*Estate*

*of Potter*, 188 Cal. 55 [204 Pac. 826].) In other words, the
tax is imposed and is sustainable upon the theory that a state
which confers the privilege of succeeding to property may
attach thereto the condition that a portion of the property
shall be contributed to that state. (*In re Wilmerding*, 117
Cal. 281, 284 [49 Pac. 181].)'

"This declared theory and policy of the state of California
with respect to this form of taxation removes from this case
the necessity for much of the discussion of the questions in-
volved herein, arising out of the conflicting views of the
courts of other jurisdictions, due in part to the fact that in
certain of these states there exists no express statutory di-
rection that no deduction shall be made on account of the
prior imposition of the federal tax, and due also in some
measure to differences in the form and scope of the various
statutes under review in these decisions. A very fair and
full review and analysis of the laws of several of the leading
states and of the most important state and federal cases
construing their provisions upon this subject is to be found
in the recent case of *In re Fish's Estate*, 219 Mich. 369 [189
N. W. 177]. [1, 2] If, as this court holds in the *Estate of
Bowditch, supra*, 'a state which confers the privilege of suc-
ceeding to property may attach thereto the condition that
a portion of the property shall be contributed to that state,'
it follows necessarily that the state has full power to declare
by statute what burdens or encumbrances, which by law or
by the act of the decedent had become affixed to the interest
of any particular heir, devisee, or legatee, shall or shall not
be excluded from the computations of the inheritance tax
appraiser in reporting the amount of the inheritance tax
to be imposed by the state thereon; and it also follows neces-
sarily from the views above expressed by this court in *Estate
of Bowditch, supra*, and from the last above deduction, that
the amendment to the prior inheritance tax measures effected
by the statute of 1917 and requiring that no deduction should
be made on account of the federal inheritance taxes in de-
termining the market value of the property to be charged
with the state inheritance tax, is not inconsistent with the
other or formerly existing provisions of said statute nor in
anywise doubtful as to the interpretation to be given to its
plain and simple terms. We find no merit, therefore, in

the first contention urged by the appellant and by *amici curiae* herein.

"The second contention urged by appellant and his associates in the discussion of this appeal is that the provision of the act of 1917 first above quoted herein, if given this interpretation, is for various reasons unconstitutional and void. These reasons, briefly summarized, are that said provision is in violation of section 1 of the fourteenth amendment of the federal constitution, providing that no state shall deprive any person of life, liberty, or property without due process of law; and is also violative of section 1 of article XIII of the constitution of California, providing that all property shall be taxed in proportion to its value; and of section 11 of article I of the same constitution, providing that all laws of a general nature shall have a uniform operation; and of subdivision 30 of section 25 of article IV of the said constitution, providing that the legislature shall not pass local or special laws changing the law of descent or succession; and of section 14 of article I of said constitution providing that property shall not be taken for public use without just compensation; and finally that said provision is void as an attempt to tax property of the United States exempt from state taxation under section 1 of article XIII of the state constitution. [3] The fundamental answer to the most of these constitutional objections is to be found in the proposition above set forth, that an inheritance tax is not a property tax, but is essentially a tax upon the statutory privilege of testamentary transfer or succession, and that the state in extending the privilege may place such limitations upon it as it deems proper in the way of burdens upon its exercise. This court said as much in the *Matter of the Estate of Wilmerding*, 117 Cal. 281, 284 [49 Pac. 181, 182], in the following words:

" 'The right of inheritance, including the designation of heirs and the proportions which the several heirs shall receive, as well as the right of testamentary disposition, are entirely matters of statutory enactment, and within the control of the legislature. As it is only by virtue of the statute that the heir is entitled to receive any of his ancestor's estate, or that the ancestor can divert his estate from the heir, the same authority which confers this privilege may attach to it the condition that a portion of the estate so

received shall be contributed to the state, and the portion
thus to be contributed is peculiarly with the legislative dis-
cretion.'

[4] "In this view of the provision of the statute under
consideration it cannot be held violative of the terms of the
federal constitution, since the devisee or legatee of the estate
affected by this provision does not become entitled to his
portion of the property of the said estate until it has already
been burdened with its inheritance tax and hence by no part of
said scheme of taxation can he be held to have been deprived
of property without due process of law. (*United States* v.
*Perkins,* 163 U. S. 625 [41 L. Ed. 287, 16 Sup. Ct. Rep.
1073, see, also, Rose's U. S. Notes]; *Matter of Penfold,* 216
N. Y. 163 [Ann. Cas. 1916A, 783, 110 N. E. 497]; *Booth's
Exr.* v. *Commonwealth,* 130 Ky. 88 [113 S. W. 61]; *Maxwell*
v. *Edwards,* 89 N. J. L. 446 [99 Atl. 138]; *Bankers' Trust
Co.* v. *Blodgett,* 96 Conn. 361 [114 Atl. 104].)   [5]   As to
the several sections of the state constitution referred to in
the foregoing objections, it must be held that these taxes
upon the privilege of testamentary transmission and succes-
sion, since they are not property taxes cannot be held sub-
ject to the limitations placed by the constitution upon prop-
erty taxation.   In 26 R. C. L., page 167, this proposition is
quite clearly set forth as follows:

" 'An inheritance tax in any of its customary forms is not
a tax on the property of the decedent with respect to which
it is levied, but is an excise imposed on the privilege of trans-
mitting or receiving property upon the death of the owner,
and consequently is not subject to any of the constitutional
limitations upon taxes on property found in the state consti-
tution.' (Citing cases.)   See, also, *In re Frick's Estate,* 277
Pa. St. 242 [121 Atl. 35, 39]; *In re Sanford's Estate,* 188
Iowa, 833 [175 N. W. 506]; *In re Kirkpatrick's Estate,* 275
Pa. St. 271 [119 Atl. 269]; *New York Trust Co.* v. *Eisner,*
256 U. S. 348 [16 A. L. R. 660, 65 L. Ed. 963, 41 Sup. Ct.
Rep. 506]; *Chanler* v. *Kelsey,* 205 U. S. 479 [51 L. Ed. 882,
27 Sup. Ct. Rep. 550, see, also, Rose's U. S. Notes].

[6] "As to the appellants' final contention that the pro-
vision of the statute under review constitutes an attempt to
subject United States property to taxation and is therefore
violative of section 1 of article XIII of the state constitution
exempting such property from state taxation, we find it to

be without merit. The provision in question does not attempt to lay any burden upon that portion of the estate of the decedent which the federal government has already appropriated in the form of its inheritance tax, nor does it in any degree lessen said amount, its increase of the burden being laid solely upon those whose interest in the estate has already been charged with such federal tax, by forbidding any deduction on account of such tax. (*United States* v. *Perkins,* 163 U. S. 625 [41 L. Ed. 287, 16 Sup. Ct. Rep. 1073, see, also, Rose's U. S. Notes].) The appellants cite no authorities in support of said contention and we are satisfied none exist.''

[7] In their petitions and briefs upon rehearing and upon oral argument thereon, appellants and *amici curiae* earnestly insisted that the act in question was discriminatory and therefore void, in that it required residuary legatees to pay a larger inheritance tax in proportion to the value of the estate to which they succeeded than was required of other legatees, even though they be all of the same degree of relationship to the testator. The answer to this contention is twofold, the first being that the act does have a uniform operation, since it applies alike to all residuary legatees, and the second being that any disparity between the net amounts received by different legatees by reason of the operation of the act must be deemed to be chargeable to the testator rather than to the law. [8] The testator is deemed to know the law, and therefore, when in making his will he names one as a specific legatee and another as a residuary legatee, he must be deemed to have intended thereby that the latter should be charged with the amounts required to be paid for the federal tax.

The order is affirmed.