[Civ. No. 13707. First Dist., Div. One. June 8, 1948.]

Estate of CHARLES W. SLACK, Deceased. THOMAS H. KUCHEL, as State Controller, Appellant, v. EDITH SLACK et al., as Executrices, etc., Respondents.

James W. Hickey, Chief Inheritance Tax Attorney, Richard C. O'Connor and Raymond G. LaNoue, Deputy Inheritance Tax Attorneys, for Appellant.

Slack, Zook & Edwards for Respondents.

BRAY, J.—Appeal by the State Controller (upon an agreed statement) from an order of the superior court fixing inheritance tax.

Charles W. Slack died December 20, 1945. The inheritance tax appraiser appointed by the probate court appraised the net taxable value of his estate as of the date of death at $882,789.87. Applying the federal estate tax rates and exemptions to this valuation, the appraiser computed a federal estate tax of $223,718.30. This amount he allowed as a deduction, thus reaching a final valuation subject to inheritance tax of $659,071.57. Applying the rates of the state inheritance tax to this figure, he fixed the inheritance tax to be paid by the beneficiaries under the decedent's will at $38,421.06.

During probate, certain securities of the estate declined in value and the executors took advantage of that provision of the Internal Revenue Code (55 Stats. 120; 26 U.S.C.A. § 811(j)) which permits the executor, at his option, to value the estate for estate tax purposes as of one year after decedent's death, instead of at the date of death. Based on

such valuation the federal estate taxes actually paid amounted to $207,096.87, instead of $223,718.30 as computed by the appraiser, valuing the estate as of the date of death. Appellant, the State Controller, filed objection to the appraiser's report on the ground that the deduction for federal estate tax should have been only the amount actually paid, rather than the amount computed by the appraiser; he contended that deducting only the estate tax actually paid, the correct amount of inheritance tax would be $39,916.98, or $1,495.92 more than that fixed by the appraiser. The trial court overruled the objection of the Controller, approved and confirmed the figures as determined by the appraiser, and fixed the inheritance tax at the lower figure.

There is no dispute as to the correctness of the various computations. The parties are concerned with the principle rather than the amount involved. The only issue is whether the federal estate tax deduction shall be that actually paid, which is based upon the valuation of the estate as of one year after death, or that based upon the valuation of the estate at the date of death.

This case is one of first impression, as neither counsel nor we have been able to find any case in any jurisdiction directly in point.

Section 13989, Revenue and Taxation Code, provides: "Any *amount due or paid* the Government of the United States as a Federal inheritance or estate tax in the estate of any decedent is deductible from the appraised value of property included in any transfer subject to this part made by the decedent. The amount deductible is *limited* to an amount computed by the inheritance tax appraiser upon an application of the Federal inheritance or estate tax exemptions and rates (commencing at the primary rates) in force at the date of decedent's death to that portion of the decedent's property the transfer of which is subject both to the tax imposed by this part, and to any Federal estate tax law, and upon his own valuation of that portion." (Emphasis added.)

Respondents rely upon the concluding clause of that section, and contend that the appraiser's valuation of the estate as of the date of death is wholly controlling for the purpose of fixing the estate tax deduction. Appellant contends that the entire section must be considered as a whole and in connection with the following sections: Section 13981, which provides: "This article is a limitation on deductions allowable. It is not intended by this article to allow as a deduction

*anything that does not actually reduce the amount of an inheritance or transfer''*; and section 13982, which provides: ''In determining the market value of property included in any transfer subject to this part, the deductions specified in this article, and no others, are allowed against the appraised value of the property, if the deductions: (a) Are obligations of the decedent or his estate, except as otherwise indicated in this article; and (b) Are paid by the estate or the transferee.'' (Emphasis added.)

■ The first sentence of section 13989 provides that the deduction which is allowable is ''Any amount due or paid the Government'' as an estate tax. The second sentence limits the deduction to an estate tax using rates and tax in force at the date of decedent's death, computed by the inheritance tax appraiser upon his valuation of the portion of the estate subject to both federal estate and state inheritance taxes. This sentence is a limitation upon and not an enlargement of the first sentence. In other words, the amount deductible by virtue of the first sentence can never be greater than the amount ''due or paid,'' but by virtue of the second sentence may be less, if the valuation placed upon the taxable estate by the appraiser is less than the valuation accepted by the federal government. It protects the state against a federal appraisement which is higher than the state appraisement. Particularly is this so when this section is read in conjunction with sections 13981 and 13982. The former section provides that the article is a limitation on deductions allowable and that ''anything that does not actually reduce the amount of an inheritance'' shall not be allowed. The latter section imposes two conditions which must appear before any item can be allowed as a deduction: (1) It must be an obligation of the estate, and (2) it must be paid. It is obvious that the amount of the inheritance is not reduced by an estimate made by the appraiser, and which amount is not due and will not be paid the government. ■ While section 13982 uses the words ''Are paid,'' it is obvious, in considering that section with the other sections and the subject matter, that the money in payment of the obligation does not have to be physically paid. The word ''paid'' in this sense means the amount finally fixed and which is enforceable.

■ Section 13989 uses the language ''due or paid.'' Respondents argue that the determination by the inheritance tax appraiser of the amount of estate taxes based on the

estate valuation as of the date of death determines that such taxes are "due." However, this contention overlooks the fact that the Internal Revenue Code (53 Stats. 127; 26 U.S.C.A. § 822(1)) provides that the federal estate tax "shall be due and payable fifteen months after the decedent's death." Considering this section with section 811(j), it appears that the only amount ever due is that which is fixed after the executor exercises his option as to the date on which the valuation is to be based. Thus, unless and until the executor chooses the valuation date, the estate tax could not in any sense be due, and even though the executor chooses the date of death as the valuation date, the tax is not due until 15 months thereafter. (See *Walker* v. *Mann* (1940), (Tex. Civ.App.) 143 S.W.2d 152, 155.)

■ If the language in section 13982, "paid by the estate or the transferee" is inconsistent with "Debts of a decedent owed by him at the date of his death are deductible" in section 13983, and with "Any amount due or paid" in section 13989, such fact does not help respondents. The tax which respondents desire deducted comes within neither the classification "due" nor the classification "paid." It is merely an estimated tax, the whole of which was never paid or due the federal government. "The Inheritance Tax Act . . . is quite convincing to the point that a debt of which the act takes notice is one which has actual existence, and it does not attempt to artificially create a debt where in fact none exists." (*Estate of Parrott*, 199 Cal. 107, 112 [248 P. 248].) Section 13982 read with the other sections discloses the intent of the Legislature that the deductions to be allowed are only those which have been paid or in which the liability has been attached so that they are actually due. Under section 13989, to be deductible the federal estate taxes do not have to be actually paid, but must be due in the sense that they will be paid without change in amount.

■ Respondents contend that from the year 1935 when the optional valuation in estate taxes was first provided, until 1947, the State Controller followed the policy of allowing as a deduction the appraiser's estimate of the estate tax, rather than the tax paid after exercise of the option. They then argue that such policy is a persuasive confirmation of the correctness of their position, as being a contemporaneous administrative construction of the code sections, citing Sutherland on Statutory Construction (3d ed.), 1943, § 5107, and *Coca-Cola Co.* v. *State Board of Equalization*, 25 Cal.2d 918

[156 P.2d 1]. However, such contention is unfounded. In 1941, the Controller promulgated "Rules and Regulations Relating to the Inheritance Tax Act." Rule 462 thereof was incorporated in the California Administrative Code, on its adoption in 1945, as section 835. (This court takes judicial knowledge of these rules and regulations. (Pol. Code, § 725.3; Code Civ. Proc., § 1875, subd. 3.)) This rule provides, in effect, that in case of difference between the amount computed by the state appraiser and the amount actually paid to the federal government, the deduction allowed is whichever amount is smaller. Under authorities cited by respondents, this interpretation by the administrative officials is entitled to great weight in determining the meaning of the code sections involved. If it be true that the Controller has not always acted according to this rule and this construction, such failure in 'the face of such a rule cannot be considered an administrative interpretation that should be given weight by this court. Either we should consider the rule, or hold that because of conflict between the rule and the action of the Controller there is no contemporaneous administrative construction of any value.

 Respondents argue that because the value of the estate diminished in the year following the death of the decedent, the requirement of section 13981 that the item allowed as a deduction must actually reduce the amount of the inheritance, was met by the fact that the net inheritance was actually reduced by the shrinkage of values. This is a strained construction of the section. It is the item claimed as a *deduction* which must reduce the inheritance, not a general reduction in value of the estate. As said in *Estate of Spitly,* 124 Cal.App. 642 [13 P.2d 385], "The value of . . . securities . . . is their value at the time of the death of the decedent and any subsequent appreciation or depreciation in their value is immaterial. . . ."

The confusion resulting in the claim that the Controller is attempting to *increase* the inheritance tax because of a *decrease* in the value of the estate and of the inheritance, is due to the assumption that there is a change in the amount of the estate tax deductible. The estimate by the state appraiser is only an estimate. There is only one estate tax "due or paid" the government. That is the tax fixed by the government on the value of the estate on the date selected by the executor. This amount "due or paid" is not changed, although it may vary from the amount of the estimate.

■ While it may constitute an anomalous situation, that the value of the estate at the time of death is the value to be used for state inheritance tax purposes, while the value for federal inheritance and estate taxes may under the optional system be the value one year after death, and in such event the latter valuation is the basis for the deduction allowed in the state taxes on the former valuation, still that situation arises because there is no provision in the state inheritance tax act comparable to section 811(j) of the federal act. ■ The state has the absolute right to deny any deduction whatever for federal estate taxes. (See *Estate of Watkinson* (1923), 191 Cal. 591 [217 P. 1073], and *Stebbins* v. *Riley,* 268 U.S. 137 [45 S.Ct. 424, 69 L.Ed. 884, 44 A.L.R. 1454].) The history of the relation between federal estate taxes and the California inheritance taxes is interesting. In the original inheritance tax act there was no provision for a deduction of federal estate taxes. In *Estate of Miller,* 184 Cal. 674 [195 P. 413, 16 L.R.A. 694], the court in construing the inheritance tax act as it existed in 1916, held that as the tax was to be computed on the ''clear market value'' of the ''beneficial interest,'' the federal estate tax should be deducted ''since it is plain that what the transferee receives is only the portion of what the decedent left which remains after the federal tax is taken.'' (P. 680.) In 1917, the inheritance tax act was amended to provide definitely that no deduction should be made for any inheritance or estate tax paid to the government of the United States. (Stats. 1917, p. 883.) The constitutionality of this amendment was upheld in *Estate of Watkinson, supra,* and *Stebbins* v. *Riley, supra.* In 1921, this amendment was repealed and the provisions that are now codified in section 13989 were first adopted.

. While our inheritance tax law encourages the prompt settlement of estates by allowing a percentage credit for payment of inheritance taxes within six months of the date of the death, and the federal estate tax return does not have to be filed or the tax paid until 15 months after date of death, and while it probably takes considerable time for such return to be audited and the federal tax finally fixed, and although the state inheritance taxes are due at date of death and become delinquent two years thereafter, with attendant penalties, those facts do not change the plain meaning of the sections involved. ''. . . the right of the state to the tax accrues at the time of death, but this does not mean that the tax may not be thereafter determined, and when so determined it relates

back to the time of death.'' (*Estate of Parrott, supra,* page 112.) As a practical matter the executors are fully protected by paying the inheritance tax based upon the estimate of the inheritance tax appraiser, subject to later adjustment when the amount of the federal tax is determined. Although this may be a burden, ''an inheritance tax is not a property tax, but is essentially a tax upon the statutory privilege of testamentary transfer or succession, and . . . the state in extending the privileges may place such limitations upon it as it deems proper in the way of burdens upon its exercise.'' (*Estate of Watkinson, supra.*) Moreover, as said in *Estate of Parrott, supra,* page 112, in speaking of claims which are deductible, ''In cases of doubtful validity the question of deduction may be postponed until the doubt is resolved. (*Matter of Dimon,* 82 App.Div. 107 [81 N.Y.Supp. 428].) The act, which is very comprehensive, expressly recognizes the impracticability of determining the indebtedness of a decedent at the time of death, and provides in numerous sections for the refund of taxes erroneously paid as well as for the assessment of the tax in cases where deductions for debts have been erroneously made.''

That it is the policy of the state that the only deductions permitted are those items which the estate has actually paid or is liable for, rather than an estimate, is shown by the California cases considering the subject. In *Estate of Parrott, supra,* deceased and her brother were joint makers of a promissory note and mortgage. The brother at all times was solvent. After the claim was presented and allowed against the estate for the full indebtedness, the brother paid his half of the obligation. The estate claimed a deduction from the inheritance tax appraisement of the entire amount of the note rather than the amount for which it was actually liable. The court held that although the note, as between payer and payee, possessed the potentialities of an enforceable demand against either one of the debtors, that fact affected the estate only in the proportion of its liability. The allowance of the claim in full did not change the situation that the estate actually would be required to pay half of it only, and the only deduction which could be made for inheritance tax purposes would be that amount.

The order appealed from is reversed.

Peters, P. J., and Ward, J., concurred.