[Civ. No. 31569.   Second Dist., Div. Three.   Nov. 30, 1967.]

Estate of H. BEATRICE NASH, Deceased. JAY A. NASH, as Executor, etc., Plaintiff and Appellant, v. HOUSTON I. FLOURNOY, as State Controller, etc., Defendant and Respondent.

John W. Hill for Plaintiff and Appellant.

Joseph D. Lear, Walter H. Miller and Myron Siedorf for Defendant and Respondent.

COBEY, J. — ▆▆▆ The sole issued on this appeal is whether a portion of the state inheritance tax in the amount of $3,782[1] upon the transfer of a remainder interest in the residue of the testatrix' estate under her probated will to her sister and her sister's husband can be avoided if those persons reject the bequest. After the report of the inheritance tax appraiser was filed on March 15, 1965, the sister and her husband rejected said bequest by a written instrument acknowledged in June of 1966.[2] The trial court, applying Revenue and Taxation Code section 13409, fixed the tax in accordance with the report and as if the bequest had not been rejected.

In seeking a modification of the order fixing the inheritance tax to the extent indicated, appellant first argues that the rejection of the bequest, which ordinarily would relate back to the time of the testatrix' death to prevent vesting of the legacy, (*Estate of Meyer*, 107 Cal.App.2d 799, 810 [238 P.2d 587] ; Prob. Code, § 300) created an intestacy with respect to the interest in the estate intended to be transferred by the bequest; and since the entire estate is community property, such interest then passed intestate to the testatrix' surviving husband, the said Jay A. Nash, pursuant to Probate Code, section 201. Under Revenue and Taxation Code section 13551, subdivision (a) as it existed on August 2, 1963,[3] the date of the testatrix' death, none of the community property transferred to the surviving spouse was subject to the inheritance tax law.

▆▆▆ Appellant also contends, in the event his first argument is rejected, that the application of the previously mentioned Revenue and Taxation Code section 13409 results in an unconstitutional taking of property without due process of law.

▆▆▆ Neither of these positions is valid. The right of inheritance is purely and exclusively statutory in origin and therefore, within constitutional limits, may be subjected to

---

[1]The total inheritance tax assessed was $3,968.

[2]In this instrument they also rescinded their prior written assignment for value of this interest in the testatrix' estate to the life tenant of the interest, the testatrix' husband, Jay A. Nash. This assignment had been executed in September of 1965. Nash consented to the rescission by an endorsement on the rejection dated June 9, 1966. As executor, Nash is the appellant herein. The appeal lies under Probate Code section 1240.

[3]It is established that the inheritance tax is fixed and determined in accordance with the law in effect at the date of the transfer taxed. (*Estate of Skinker*, 47 Cal.2d 290, 296 [303 P.2d 745, 62 A.L.R.2d 1137].)

tax as the Legislature decides. (*In re Wilmerding,* 117 Cal. 281, 284-285 [49 P. 181]) Revenue and Taxation Code, section 13551, subdivision (b) provided on August 2, 1963, that all of the community property passing to anyone other than the surviving spouse was subject to the inheritance tax law.

Furthermore, the already mentioned section 13409 of that code provided in relevant part that ''If a transferee under a will renounces his rights under the will . . . the tax is nevertheless computed in accordance with the terms of the will admitted to probate.'' The rejection of the bequest in this case was merely a renunciation of rights under a will within the meaning of this section. The plain effect of this section is to prevent the renunciation from relating back for inheritance tax purposes. (Cf. *Estate of Kalt,* 16 Cal.2d 807, 812 [108 P.2d 401, 133 A.L.R. 1424].)

In response to appellant's secondary position, all that needs to be said is that over 40 years ago our Supreme Court held that the inheritance tax law did not deprive a taxpayer of his property without due process of law because ''the devisee or legatee of the estate affected by this provision does not become entitled to his portion of the property of the said estate until it has already been burdened with its inheritance tax. . . .'' (*Estate of Watkinson,* 191 Cal. 591, 598 [217 P. 1073], affirmed, 268 U.S. 137 [69 L.Ed. 884, 45 S.Ct. 424, 44 A.L.R. 1454].) Section 13409 was a part of the inheritance tax statute at issue in *Watkinson.* Furthermore, as pointed out earlier, the right of inheritance is entirely statutory. Since the Legislature could abolish the right, *a fortiori* it can condition and tax it. It follows that any reasonable, nondiscriminatory scheme of inheritance taxation would thus be constitutional. Section 13409, which merely establishes the basis upon which the tax is to be computed, is, therefore, clearly constitutional.

The order fixing the inheritance tax is affirmed.

Ford, P. J., and Moss, J., concurred.

A petition for a rehearing was denied December 27, 1967.