[Civ. No. 24839.   First Dist., Div. Four.   July 23, 1968.]

Estate of RUSSELL HARRISON VARIAN, Deceased. HOUSTON I. FLOURNOY, as State Controller, Petititioner and Appellant, v. DOROTHY VARIAN, as Executrix, etc., Objector and Respondent.

Joseph D. Lear, Milton D. Harris, J. D. O'Hara and William F. Seeley for Petitioner and Appellant.

Kent, Brookes & Anderson, Paul E. Anderson, Valentine Brookes, Richard A. Wilson, C. Henry Veit, Leonard & Dole and Richard M. Leonard for Objector and Respondent.

DEVINE, P. J.—The will of Russell H. Varian, deceased, provides certain specific bequests and disposes of the residue,

in excess of six million dollars, by use of a trust. The trustees are directed to pay $100 a month to testator's father-in-law, and should his wife survive the father-in-law, to her for life; and $50 a month to testator's aunt, for the rest of their lives. The rest of the trust income is to go to the widow.[1] On the death of each beneficiary, his or her share of the trust fund is to go to the trustees for a charitable use. The trust is described in broad terms. It is to be for the benefit of mankind through support of any charitable, scientific, literary or educational organization, as determined by the trustees. The will provides that taxes of every kind shall be paid from the residue.

A few months after the testator's death, the widow and the two other living beneficiaries (the father-in-law had died) irrevocably disclaimed their rights to trust income. But the inheritance tax appraiser declared the life interests to be taxable despite the renunciations. Also, tax was levied on the bequest of the tax itself. The total was $145,342. Objection was filed on the ground that the disclaimers had caused the life interests to fall into the remainder which, being a charitable bequest, is exempt from tax. The court sustained the objection and reduced the tax accordingly, the lowered tax being $5,372. The State Controller appeals.

Section 13409 of the Revenue and Taxation Code provides explicitly that if a transferee renounces his rights under the will or agrees that any part of the estate shall be distributed otherwise than as provided in the will, the tax nevertheless is computed in accordance with the terms of the will admitted in probate. The section makes a like provision in cases of renunciation of inheritance by reason of intestacy.

Attempts to avoid the tax by renunciation have been made but have failed. (*Estate of Watkinson*, 191 Cal. 591 [217 P. 1073]; *Estate of Nash*, 256 Cal.App.2d 560 [64 Cal.Rptr. 298].) Respondent does not cite any case in which renunciation of devise, legacy or inheritance has accomplished escape of the tax. But respondent contends that where the renunciations are in favor of a charity, as distinguished from disclaimers in favor of individuals, section 13409 must be held inapplicable.

---

[1] A limited amount of trust income may be applied, if certain contingencies occur, for the education of testator's children, nieces and nephews. But the testator had provided for his children chiefly by living trusts and the relatively small disposition for education does not affect the issues in the case.

Respondent's proposition is that section 13409 does not apply at all because the transfer of the residue is one made to a charity; wherefore, section 13842 of the Revenue and Taxation Code comes into operation and excludes the effect of section 13409. Section 13842 provides that: "Property transferred . . . to any foundation or trust, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes . . . is exempt from the tax imposed by this part" (if the charitable trust meets certain conditions, which, it is contended, this one does). The question is: Where section 13842 refers to "property transferred," is the reference solely to a transfer made by the testator through the operation of his will (or by the operation of law from an intestate upon his death), or does the reference include a transfer accomplished by an act of renunciation by a legatee or legatees on the theory that the renunciation causes a "relating back" to the date of the testator or intestate? We hold that the reference is solely to the original transmission in any case where the renunciant had a right to the property, even if that right were of limited tenure. Our reasons are:

1. No exemption from the operation of section 13409 of the Revenue and Taxation Code is made in that statute for second or ultimate transfers which are made for the benefit of charities. Section 13409 is the one specifically relating to renunciation by a transferee of his rights under a will; section 13842 of the Revenue and Taxation Code is the general one relating to charitable exemptions. There is no specific exemption in any other statute. When the Legislature decreed that in the case of a power of appointment, if the donee irrevocably exercises the power in favor of a charitable beneficiary the gift of the power is not a transfer, the Legislature expressly said so in section 13695 of the Revenue and Taxation Code.[2] It is to be inferred from this action of the Legislature that transfers by renunciation of legacies in cases other than those of powers of appointment are not to be given the exemption but are to be controlled by section 13409 even though the ultimate beneficiary be a charity.

2. The inheritance tax is not a tax on property but on the privilege of receiving it by testamentary devise or by inheritance. (*Estate of McLaughlin*, 243 Cal.App.2d 516, 520-521 [52 Cal.Rptr. 543].) Since the Legislature has the power

---

[2] The reference is to section 13695 as it existed at all times relevant to this case. Since 1965, the contents of former section 13695 are to be found, somewhat changed, in section 13699.

to allow or to take away altogether the rights of testamentary disposition and of inheritance, it has the power to tax the privilege of receiving the property of a decedent. (*Estate of Watkinson*, 191 Cal. 591, 595 [217 P. 1073] ; *Estate of Atwell*, 85 Cal.App.2d 454, 461 [193 P.2d 519].)　██　In this case, the lifetime beneficiaries did have the privilege of receiving the property which the testator designated for them. Under certain circumstances they probably would have accepted what the testator thoughtfully provided for them.　██　It is the privilege of receiving and neither the property itself nor the actual receiving of it which is taxed.

3.　██　Although a legatee may renounce the gift and his renunciation will relate back to the death of the testator for general purposes, this is not so when the statute, section 13409, decrees otherwise as to taxation. Thus the cases cited by respondent, *Estate of Meyer*, 107 Cal.App.2d 799 [238 P.2d 587], and *Estate of Patmore*, 141 Cal.App.2d 416 [296 P.2d 863], are quite distinguishable. Neither is a tax case and therefore section 13409 had no application. In *Estate of Meyer*, the reference to disclaimer of a legacy was merely preliminary to a holding that an heir, as distinguished from a legatee, cannot cause the estate to remain in his ancestor, and therefore renunciation of inheritance by enemy aliens could not prevent passage of title to themselves and could not prevent forfeiture under the Trading With the Enemy Act. In *Estate of Patmore*, it was held that a widower could elect not to take under his wife's will in an ancillary administration in Kansas, and if he did so, California would give effect to the renunciation.

██　The act of renouncing the legacies was not made pursuant to an election required by the will. It was merely the exercise of a personal right. (See *Estate of Rossi*, 169 Cal. 148 [146 P. 430].) It neither caused nor avoided taxability.

4. We cannot accept the respondent's argument that the life estates must be considered tantamount to powers of appointment. The testator, from all that appears in the will, intended that the trusts for life should be enjoyed by the persons to whom he gave them. Nothing is said about appointing anyone else. As an example, it cannot be contended that the beneficiaries had the power to name other charities to take the place of the one created by the testator. The beneficiaries had no power of appointment whatever. The exemption which applies to the exercise of powers of appointment in favor of charities does not apply in this case.

5. Respondent properly has reminded us that the law favors gifts for charitable purposes, a principle which we agree is well established and wholly commendable. (See *Estate of Hughes*, 202 Cal.App.2d 12, 17 [20 Cal.Rptr. 475].) But the principle, which will prompt courts in doubtful cases to make interpretations which favor charities, refers of course to donations to the charities. In the instant case, what the Controller proposes should be taxed is not a donation to charity but the rights of individual beneficiaries to receive income from property held in trust.

6. ▮▮▮ Finally, respondent argues that to impose the tax in this case is to deny to the charity the equal protection of the laws, in violation of the Fourteenth Amendment to the Constitution of the United States. Respondent's theory is that since a direct donation to a charity is not taxed, there is no reasonable distinction in a case wherein nothing intervenes between the testator and the charity but the disclaimed lifetime trusts. But these trusts created very valuable rights in their *cestuis* and these rights constitute a valid distinction to satisfy the equal protection of the laws.

The testator and the beneficiaries of the trusts have been admirably generous, but we cannot allow our regard for their munificence to create an exemption which we find to be prevented by a specific statute.

The order fixing the inheritance tax is reversed.

Rattigan, J., and Christian, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied September 18, 1968.