[Civ. No. 53310. First Dist., Div. Two. Mar. 29, 1982.]

Estate of EDNA LOUISE LAKE, Deceased.
KENNETH CORY, as State Controller, Petitioner and Appellant, v.
CROCKER NATIONAL BANK, Objector and Respondent.

COUNSEL

Myron Siedorf, Edwin Rosenthal and R. E. Sanderson for Petitioner and Appellant.

Jay M. Jacobus for Objector and Respondent.

OPINION

MILLER, J.—The State Controller appeals from an order fixing inheritance tax made by the superior court.[1] The order sustained objections filed by the executor of the estate of Edna Louise Lake to the report of the inheritance tax referee.

Edna Louise Lake's will provided that her estate be distributed in the following order: 1) tangible personal property to be distributed to 14 legatees; 2) a conditional devise of mining lands to one James L. Lake; 3) a direction to sell all other real property and to add the proceeds to

---

[1]Such an order is appealable pursuant to Probate Code section 1240, subdivision (r).

her residuary estate; 4) pecuniary bequests totalling $234,000 to 13 individuals and charitable institutions; 5) the residue to be set up in trust. The will then provided that all taxes, occasioned by the testator's death, be paid by the estate as part of the expenses of administration and charged to the residuary estate. Finally, the decedent granted a power of sale to the executor.

In settling the estate securities were sold for $503,759 sustaining a loss on the sale of $42,270. Pursuant to the direction of sale, one piece of real property was sold for a loss of $28,884. Therefore, total losses from the sale of estate property amounted to $71,154.

Although it is unclear from the record how he reached such a figure, the inheritance tax referee allowed deductions for a loss of only $53,266.[2] The trial court determined that deductions should be allowed for all losses sustained on sales during administration. Accordingly, the total inheritance tax due from named beneficiaries was reduced from $276,200 to $271,907.

The single issue on appeal is one of first impression; namely, when specific monetary bequests are made by will and the executor is given full power and authority to sell, are losses from the sale of decedent's property to make distributions deductible pursuant to inheritance tax regulation (Cal. Admin. Code, tit. 18, § 13988.4) when there is insufficient cash at the time of death to pay such bequests.

The California inheritance tax is not a tax upon property as such but is imposed upon the privilege of succeeding to property. (*Estate of Rosenfeld* (1965) 62 Cal.2d 432, 435 [42 Cal.Rptr. 447, 398 P.2d 783]; *Estate of Radovich* (1957) 48 Cal.2d 116, 121 [308 P.2d 14]; *Estate of Webb* (1966) 241 Cal.App.2d 85, 87 [50 Cal.Rptr. 397].) "Section

---

[2]In its opening brief appellant gives the following explanation: "In computing inheritance tax owing, the Inheritance Tax Referee allowed a deduction for some losses on sale of estate property, that is, a deduction for the difference between the appraised value of the property in the inventory and the net proceeds received from the property on sale during probate. In computing this deduction, the Referee took into consideration only the sales directed by decedent's will and those necessary in order to raise funds to pay taxes, debts, or costs of administration. In computing this deduction, he did not allow all losses on sales, and specifically he did not allow losses on sales made to raise money to pay bequests in cash. Thus of total losses on sale of estate property of $71,154, the referee allowed a deduction of $53,266."

13951[3] of the Revenue and Taxation Code requires that property subject to the inheritance tax be appraised at its market value as of the date of death; ..." (*Estate of Rosenfeld, supra*, at p. 433.) Section 13982 of the Revenue and Taxation Code specifies the conditions for making deductions in the computation of the inheritance tax. This section provides: "In determining the market value of property included in any transfer subject to this part, the deductions specified in this article, and no others, are allowed against the appraised value of the property, if the deductions: [¶] (a) Are obligations of the decedent or his estate, except as otherwise indicated in this article; and [¶] (b) Are paid by the estate or the transferee." Specified deductions include debts owed at death (§ 13983), expenses of last illness and of the funeral (§ 13986), tax and assessment liens (§ 13987), ordinary expenses of administration (§ 13988), certain extraordinary expenses of administration (§ 13988.1) and uncompensated loss due to casualty (§ 13991).

The regulation covering the ordinary expenses of administration, and particularly losses on the sale of property, prescribed by the State Controller provides that a deduction is allowable for losses suffered when the net proceeds realized from the sale of decedent's property is less than the appraised value of the property provided 1) the sale was directed by the decedent's will, 2) the sale was necessary in order to raise funds to pay taxes, debts, or costs of administration, or 3) the property was taken in a condemnation proceeding. (Cal. Admin. Code, tit. 18, § 13988.4.) This regulation is the subject of the instant dispute.

Appellant contends that the inheritance tax referee correctly allowed deductions both for losses on the sale of real property directed to be sold in the will and for losses on sale of property that had to be sold to raise money to meet expenses for items specified in section 13988.4. It argues that it is not proper to deduct additional losses sustained in the sale of property when the purpose of the additional sale is to make distributions to the legatees.

■ On the other hand, respondent maintains that when a testator makes specific monetary bequests, gives the executor full power to sell and there is insufficient cash on hand to make such distribution, the authorization for sale is converted into a direction by implication. We agree.

[3]Section 13951 of the Revenue and Taxation Code states in pertinent part: "For the purpose of this part, the value of property included in any transfer subject to this part, ... is the market value of the property as of the date of the transferor's death."

Although it is true that not all expenses incurred in the proper administration of an estate are deductible (see, e.g., *Estate of Skinker* (1956) 47 Cal.2d 290 [303 P.2d 745, 62 A.L.R.2d 1137]; *Estate of Watkinson* (1923) 191 Cal. 591 [217 P. 1073]; *Estate of Koerner* (1975) 44 Cal.App.3d 447 [118 Cal.Rptr. 752]), those deductions enumerated in the statutes are allowed. (Rev. & Tax. Code, § 13982, *Estate of Webb, supra*, 241 Cal.App.2d 85, 88.) Administrative Code, title 18, section 13988.4 authorizes a deduction for losses sustained from the sale of property when the sale was directed by the decedent's will. When a testator makes specific pecuniary bequests and there is insufficient cash in the estate to make such bequests, the power of sale given to the executor by will becomes an implied direction to sell for the purpose of making the bequests. It is unreasonable to expect living persons to keep large assets in cash, rather than in investments, so that cash will be available after death to make specific monetary distributions.

This fact appears to have been recognized by the State Controller in the past. In *Estate of Sharp* (1971) 18 Cal.App.3d 565 [95 Cal.Rptr. 816] an $18 million estate was distributed according to terms of the testator's will. A major asset in the estate was the decedent's ranch which was appraised as of the date of death for approximately $10 million by the inheritance tax appraiser. An amended appraisal by a successor appraiser gave the ranch a date-of-death value of $8.5 million. Although not an issue in the case, the trial court found that "in the computation of California inheritance taxes a special deduction equal to the difference between the amended appraised value of $8,500,000 and the total of the sales prices of $5,290,400 was allowed under Revenue and Taxation Code section 13988 and section 13988, subdivision (3) of the Inheritance Tax Regulations.[4]" (P. 576.) Pursuant to Evidence Code sections 452, subdivision (d) and 459, subdivision (a) this court, on its own motion, has taken judicial notice of the last will and testament of Thomas E. Sharp included in the appellate records of that case.[5] No direction to sell was contained in the testator's will. It is obvious from *Sharp*, as in the case at bench, that losses due to the sale of estate property for the purpose of distribution to legatees are deductible in the computation of the inheritance tax.

---

[4]Section 13988, subdivison (e) is the predecessor regulation to section 13988.4.

[5]Opinions from two apppeals were certified in *Estate of Sharp* (See 18 Cal.App.3d 565 [95 Cal.Rptr. 816] and 257 Cal.App.2d 851 [65 Cal.Rptr. 438].)

The judgment is affirmed.

Rouse, Acting P. J., and Smith, J., concurred.

A petition for a rehearing was denied April 28, 1982, and appellant's petition for a hearing by the Supreme Court was denied June 9, 1982.